IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES E. WATTS,                )
                                 )
            Petitioner,          )
                                 )
        v.                       )    1:09CV206
                                 )
ADMINISTRATOR SANDRA F. THOMAS,  )
                                 )
            Respondent.          )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Petitioner's Application to Proceed In Forma Pauperis (Docket Entry 22), Motion to Expand the Record (Docket Entry 23), Motion for Appointment of Counsel (Docket Entry 24), and Motion to Supplement Petitioner's Objections to Magistrate's Ruling by Providing Additional Authority (Docket Entry 27). Some background, taken mainly from a prior Recommendation in the case (Docket Entry 16), will help place these matters in proper context.

## Background

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted by a jury of the statutory rape of his thirteen-year-old niece and was sentenced to 360 to 441 months of imprisonment. Following an unsuccessful direct appeal, Petitioner filed his Petition for Habeas Corpus in this Court, with the assistance of counsel. The Petition raised three grounds for relief, only two of which have particular relevance to the pending motions.

One such ground concerns an exhibit introduced at Petitioner's trial. Petitioner's niece underwent a medical examination on one

of the days she alleged that Petitioner had assaulted her. The exam resulted in the recovery of DNA evidence and revealed that the victim was pregnant. The fetus proved non-viable. Upon extraction, the fetus was subjected to DNA testing. The tests revealed that Petitioner fathered the fetus. At trial, the State sought to introduce this evidence of paternity. When Petitioner did not stipulate to the chain of custody for the evidence, the State brought in the fetus as an exhibit. Unfortunately, liquid leaked from the bag containing the fetus and created a strong odor that required temporary suspension of the trial.

Petitioner argued on direct appeal and in his Petition to this Court that the foregoing events impugned the fundamental fairness of his trial. The North Carolina Court of Appeals rejected that position. Another Magistrate Judge of this Court previously entered a Recommendation concluding that Petitioner's habeas claim on this point should be dismissed because said decision was neither contrary to, nor an unreasonable application of, established precedent from the United States Supreme Court.

The second pertinent issue raised in the Petition involves testimony about the DNA samples taken during the victim's medical exam. Testing at the laboratory of North Carolina's State Bureau of Investigation identified Petitioner as the source of genetic material in semen found on the victim's underwear. Special Agent Brenda Bissette conducted the testing. However, because Agent Bissette was on vacation at the time of Petitioner's trial, the State called her supervisor, Special Agent David Freeman, to

testify about that DNA testing. The court accepted Agent Freeman as an expert witness and he subsequently testified about the tests used and the results. At one point, Agent Freeman also read a portion of Agent Bissette's report into the record.

Petitioner claimed on direct appeal and in his Petition that the introduction of the DNA evidence through Agent Freeman violated the Confrontation Clause of the Sixth Amendment to the United States Constitution. The North Carolina Court of Appeals found that Agent Freeman's testimony did not violate the Confrontation Clause because he provided an expert opinion based on tests performed by another person. The prior Recommendation concluded that the said decision was neither contrary to, nor an unreasonable application of, established precedent from the United States Supreme Court. It also determined that, to the extent Agent Freeman's reading of Agent Bissette's report constituted a possible violation of the Confrontation Clause, Petitioner suffered no prejudice.

Petitioner objected to the Recommendation. (Docket Entry 20.) He then moved to expand the record, to supplement his objections with additional authority, and for appointment of counsel. The Court will address each of these matters in turn.

### **Motion to Expand the Record**

Petitioner seeks to expand the record to include five exhibits. First, Petitioner proffers a letter from the Clerk of Superior Court in Scotland County, dated July 8, 2009, which states that the Scotland County Clerk's Office is storing the exhibit

containing the fetus, that the exhibit is "malodorous" and a "biohazard of unknown consequences," and that the Clerk is seeking the exhibit's removal or destruction. (Docket Entry 23, Ex. 1.) Second, Petitioner presents a witness list from the prosecutor in Petitioner's trial which identifies Agent Freeman as a "substitute" witness. (Id., Ex. 2.) Third, Petitioner points to a list of questions that the prosecutor intended to ask Agent Freeman, that describes him as a "substitute SBI expert." (Id., Ex. 3.) Fourth, Petitioner tenders an affidavit from the foreman of Petitioner's jury which addresses a number of subjects, including the fetus exhibit, the performance of Petitioner's trial counsel, the reason for the foreman's determination of guilt, and allegations about the victim. (Id., Ex. 4.) Finally, Petitioner submits an affidavit from a bailiff regarding the fetus exhibit. (Id., Ex 5.) Petitioner does not contend that the state courts considered these items. (Docket Entry 26 at 3.)

Rule 7 of the Rules Governing Section 2254 Cases permits expansion of the record. Notwithstanding that authority, a state court's denial of a petitioner's claim ordinarily "must be assessed in light of the record th[at] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004). A federal habeas court should accept evidence beyond that considered by the state courts only if the petitioner "was not at fault in failing to develop that

evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) [a]re met." Id. at 652-53. Section 2254(e)(2) reads:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner argues that, "[b]ecause of the procedural posture in which [his] claims were raised, i.e., direct review, [he] was not afforded an adequate opportunity" in the state courts to investigate and present the evidence he now seeks to add. (Docket Entry 26 at 3.) This statement effectively acknowledges that Petitioner was procedurally barred from using this evidence in the state courts. As a result, this Court also cannot consider the evidence absent a showing of cause and prejudice or a fundamental miscarriage of justice due to actual innocence. See generally Wilson v. Moore, 178 F.3d 266, 272-73 (4th Cir. 1999) (citing Keeney v. Tamayo-Reyes, 504 U.S. 1, 7-12 (1992)). That requirement closely parallels the standard codified in 28 U.S.C. § 2254(e)(2).

-5-

See Weeks v. Bowersox, 119 F.3d 1342, 1354 n.12 (8th Cir. 1997) (en banc). Under these circumstances, the propriety of expanding the record as Petitioner requests boils down to questions of whether he acted sufficiently diligently and/or whether the material in question demonstrates the wrongfulness of his conviction.

Here, Petitioner has not shown the required diligence. He offers no explanation for his failure to discover this evidence earlier. Except for the letter asking the parties to remove the fetus from storage, all of the evidence was available at the time of Petitioner's trial. Further, even if Petitioner could not have presented the evidence on appeal, he has not shown why he failed to present it to the state courts via a motion for appropriate relief. See N.C. Gen. Stat. § 15A-1419 (allowing review based on new evidence under terms very similar to 28 U.S.C. § 2254(e)(2)). Petitioner thus has neither satisfied the diligence requirements of § 2254(e)(2) nor shown the cause necessary to overcome procedural default generally.

In addition, Petitioner's new evidence, even when combined with the existing record, falls short of "establish[ing] by clear and convincing evidence that but for Constitutional error, no reasonable factfinder would have found [him] guilty," 28 U.S.C. § 2254(e)(2)(B), or of satisfying the prejudice/miscarriage of justice standard. The relevant portions of the proposed exhibits either support a finding that the leaking fetus exhibit smelled bad or that Agent Freeman appeared in place of Agent Bissette. Although these facts relate to contested issues in the case, they

are not themselves contested.  In other words, no dispute exists as to whether the fetus exhibit created a terrible odor or whether Agent Freeman testified in lieu of Agent Bissette.  The Court must determine whether or not those circumstances entitled Petitioner to habeas relief.  The proposed exhibits in no way alter that analysis.  Instead, they merely represent cumulative evidence of previously established facts.[1]  For all of these reasons, the Motion to Expand the Record will be denied.

### Motion to Supplement Petitioner's Objections to Magistrate's Ruling [sic] by Providing Additional Authority

Petitioner has filed a Motion to Supplement Petitioner's Objections to Magistrate's Ruling [sic] by Providing Additional Authority.  (Docket Entry 27.)  As the title of said motion suggests, Petitioner seeks to call the Court's attention to "additional authority," i.e., State v. Brennan, ___ N.C. App. ___, 692 S.E.2d 427 (2010), a decision by the North Carolina Court of Appeals reversing a conviction on the ground that certain testimony violated the defendant's rights under the Confrontation Clause.  (See Docket Entry 27 at 1.)  He does not simply provide the case citation, but instead sets forth substantial argument regarding the alleged symmetry between Brennan and this case, as well as other

---

[1]The affidavit from the jury foreman suffers from an additional defect. The evidentiary rules in both federal courts and North Carolina prohibit jurors from testifying or presenting affidavits concerning the deliberations or mental processes of the jury. Fed. R. Evid. 606(b); N.C. Gen. Stat. § 8C-1, Rule 606(b); McNeill v. Polk, 476 F.3d 206, 226 (4th Cir.), cert. denied 552 U.S. 1043 (2007).  The bulk of the jury foreman's affidavit would be barred for this reason.  Any portion of this affidavit not subject to this evidentiary bar remains either deficient for reasons discussed above or because it lacks any bearing on the issues raised in the Petition.

related matters for which he references case law decided well before the filing of this action. (See id. at 2-5.)

Petitioner fails to cite any authority that would permit him to "submit[] Brennan in further support of his contention that the State Court's adjudication of Claim II [of his Petition] was contrary to or involved an unreasonable application of clearly established Supreme Court case law" (id. at 5). (See id. at 1-5.) Petitioner's oversight in this regard appears to contravene rules that require such a showing. See Rule 12, Rules Governing Sect. 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); Fed. R. Civ. P. 7(b)(1)(B) (providing that motions must "state with particularity the grounds for seeking [a court] order"); M.D.N.C. R. 7.3(b) ("All motions shall state with particularity the grounds therefor [and] shall cite any statute or rule of procedure relied upon . . . ."); M.D.N.C. R. 7.3(j) (emphasizing that all motions, including ones that do not require the filing of a brief, "must state good cause therefor and cite any applicable rule, statute, or other authority justifying the relief sought").[2]

Moreover, the Court's Local Rules expressly address the circumstances under and manner by which litigants may make filings regarding such matters: "As an addendum to a brief, response brief, or reply brief, a suggestion of subsequently decided

---

[2] It further would appear that Petitioner should have filed a brief in support of his motion. See M.D.N.C. R. 7.3(a) and (j).

-8-

controlling authority, without argument, may be filed at any time prior to the court's ruling and shall contain only the citation to the case relied upon, if published, or a copy of the opinion if the case is unpublished." M.D.N.C. R. 7.3(i). Members of this Court scrupulously have enforced said rule's strictures. See, e.g., Richmond v. Indalex Inc., 308 F. Supp. 2d 648, 653-54 (M.D.N.C. 2004) (Beaty, J.); John S. Clark Co., Inc. v. United Nat'l Ins. Co., 304 F. Supp. 2d 758, 761 n.1 (M.D.N.C. 2004) (Bullock, J.).

Because Local Rule 7.3(i) expressly permits the filing of a "suggestion of subsequently decided controlling authority" in connection with a previously-filed "brief, response brief, or reply brief," but not previously-filed "objections to a recommendation," one reasonably might view Petitioner's proposed course of action as prohibited by implication. Further, given Local Rule 7.3(i)'s authorization of such supplemental filings only as to "controlling authority," it would not appear that a decision about the requirements of the Sixth Amendment from an intermediate state appellate court would represent the sort of ruling that a litigant could identify to the Court belatedly. See John S. Clark Co., 304 F. Supp. 2d at 761 n.1 (emphasizing importance of "controlling" qualification on litigant's authority to provide supplemental case law). Finally, the express terms of Local Rule 7.3(i) limit any notice of later-decided case law to just that, notice "without argument." Petitioner has far exceeded this limitation without justification.

Respondent opposes Petitioner's instant motion, not due to any of the foregoing considerations, but rather because "Brennan is distinguishable from the case at bar . . . [and because] the case at bar was on direct review before the United States Supreme Court decision in Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009). Therefore, Melendez-Diaz has no application to the case at bar, whereas it did apply in Brennan." (Docket Entry 28 at 6 (internal parallel citations omitted).) Respondent sets out substantial argument regarding the foregoing matters. (See id. at 1-9.) In the Court's view, Respondent's objections go to the weight, if any, that the assigned United States District Judge should attribute to Brennan in evaluating Petitioner's objections to the pending Recommendation, not to the propriety of allowing Petitioner to "submit[] Brennan in further support of his contention that the State Court's adjudication of Claim II [of his Petition] was contrary to or involved an unreasonable application of clearly established Supreme Court case law" (Docket Entry 27 at 5).

Given Respondent's decision not to oppose Petitioner's instant request based on his failure to properly support his motion and/or the implications of Local Rule 7.3(i) and given that, in evaluating Petitioner's objections to the pending Recommendation, the assigned District Judge can consider any legal authority he deems persuasive and reconcilable with controlling precedent, the undersigned Magistrate Judge fails to see the point of denying this motion in total. Accordingly, the motion will be granted to the extent it seeks to advise the Court of the fact of the decision in Brennan.

-10-

In so ruling, the undersigned Magistrate Judge does not express any opinion as to whether <u>Brennan</u> constitutes persuasive authority on questions that will come before the assigned District Judge. Nor does the undersigned Magistrate Judge ratify Petitioner's submission of argument regarding that subject via his instant motion. The assigned District Judge is best suited to determine what, if any, future use to make of the parties' discussion of <u>Brennan</u> (and related matters) during this satellite litigation.

### **Motion for Appointment of Counsel/In Forma Pauperis Application**

Petitioner, through counsel, has filed a Motion for Appointment of Counsel and an Application to Proceed <u>In Forma Pauperis</u>. (Docket Entries 22, 24.) Petitioner's counsel states that she has handled this case pro bono since its inception, but now seeks court-appointment, retroactive to the filing of the Petition. (Docket Entry 24 at 2.) The motion fails to explain why Petitioner chose not to file the Petition pro se and to seek appointment of counsel at the inception of the case. In essence, Petitioner's counsel, after having willingly assumed responsibility for this case without promise of payment, now seeks compensation from limited public funds for both her prior and future work.

Because Petitioner has counsel, no reason exists to appoint counsel. <u>See</u> M.D.N.C. R. 83.1(e) (providing that, once counsel has made appearance in case, counsel must continue in case absent court approval to withdraw or substitution of counsel from the same firm). "[D]istrict courts may, under local rule, condition

withdrawal of representation on leave of court, pursuant to 28 U.S.C. § 1654 (West 1966)." Towns v. Morris, 50 F.3d 8, 1995 WL 120687, at **2 (4th Cir. Mar. 22, 1995) (unpublished). Moreover, "[a]n attorney who undertakes the conduct of an action impliedly stipulates to carry it to its termination and is not at liberty to abandon it without reasonable cause and reasonable notice." Perkins v. Sykes, 233 N.C. 147, 152 (1951) (internal quotation marks omitted)). Accord Capacchione v. Charlotte-Mecklenburg Bd. of Educ., 9 F. Supp. 2d 572, 583-84 (W.D.N.C. 1998).

**IT IS THEREFORE ORDERED** that Petitioner's Application to Proceed In Forma Pauperis (Docket Entry 22), Motion to Expand the Record (Docket Entry 23), and Motion for Appointment of Counsel (Docket Entry 24) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Supplement Petitioner's Objections to Magistrate's Ruling by Providing Additional Authority (Docket Entry 27) is **GRANTED IN PART** as set forth in the body of the Order.

                                              /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                              **United States Magistrate Judge**
October 7, 2010